AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TREWANDO LEWIS, | ) Case No. 19-8343-BER |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ___TM___ D.C.

AUG 19 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 17-18, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(2)(B)(ii) | Alien smuggling for the purpose of private financial gain |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua Woodbury, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/19/19

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__   Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF
# JOSHUA WOODBURY
# IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Woodbury, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent with Homeland Security Investigations since June of 2008 and, as such, have participated in the investigation of criminal matters, including the apprehension of aliens unlawfully present in the United States. Prior to becoming a Special Agent with HSI, I was employed as a United States Customs Inspector. I attended and successfully completed the Criminal Investigator Training Program, as well as, the Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia

2. As a Special Agent with Homeland Security Investigations my duties and responsibilities include conducting criminal investigations of individuals and organizations who have violated federal laws, particularly those laws as found in Titles 8, 18, 19, and 21 of the United States Code. I have conducted investigations involving human smuggling and their related criminal activity. These investigations have focused on international organizations who organize transportation of persons seeking to enter the United States illegally. Through investigations and training, I am familiar with the methods and schemes employed by individuals to smuggle persons into the United States, and I am familiar with and have utilized a wide variety of investigative techniques.

3. The statements contained in this affidavit are based on my personal experience and observations, as well as the experiences and observations of fellow law enforcement officers as they have been described to me. Because this affidavit is being

1

submitted for the limited purpose of establishing probable cause to believe that Trewando LEWIS has committed the criminal offense of alien smuggling for profit, in violation of Title 8, United States Code, Section 1324, this affidavit does not set forth every fact known to me in this investigation, but only those facts necessary to establish probable cause.

4. On or about August 18, 2019 at approximately 05:30 a.m. officers of the Jupiter Police Department received a call regarding a vessel anchored off the beach, just north of Marcinski Road, later identified as 29' Sea Ray cabin cruiser vessel bearing Florida registration FL3968JX. While responding to the call of the abandoned vessel officers observed four males walking on Ocean Drive who were carrying items and appeared to be wearing wet clothing and covered in sand. After a consensual encounter LEWIS told responding Officers that he was a Ferry service from the Bahamas and was dropping people off. Additionally, Jupiter Police Officers discovered that LEWIS was in possession of a hand held Global Positioning System (GPS) on his person, along with $500 in U.S. currency and $100 in Bahamian currency.

5. Jupiter Police Department notified U.S. Border Patrol and Homeland Security Investigations of a potential landing of undocumented illegal aliens and agents responded to the area. Upon arrival agents determined that all four individuals were present in the United States illegally and did not have proper documentation to be here. All four individuals were taken into custody by U.S. Border Patrol and transported to Riviera Beach for interviews and processing. During a search of the beach and surrounding are agents also located several life vests and articles of clothing within the proximity of the vessel.

6. During a post-Miranda interview of LEWIS he stated to agents that he was paid $500 in U.S. currency by an unknown individual to transport 3 Haitians, 2 Jamaicans, 1 Haitian minor, and 1 Chinese national (also the total number of life vests found on the beach) from Freeport, Bahamas to Florida. LEWIS stated that this unknown man provided him with the vessel and a handheld GPS with the route of travel already pre-programmed into the unit. LEWIS stated he departed Port Lucaya, Freeport on or about August 17, 2019 sometime before dark. LEWIS stated that he operated the vessel using one engine to conserve fuel and arrived off the beach of Jupiter, Florida sometime in the early morning hours. LEWIS then anchored the vessel, shut down the engines and disembarked the passengers. After the passengers were off the vessel LEWIS attempted to start the vessel however the batteries were not operational and the vessel could not be restarted. LEWIS then disembarked the vessel and began to walk along Ocean Drive when he was stopped by Jupiter Police Department Officers.

7. The vessel was subsequently towed to U.S. Coast Guard Station Lake Worth by U.S. Customs and Border Protection Marine Officers where it could be examined and searched for elements of a suspected crime. Agents observed that the vessel's batteries appeared to be dead corroborating LEWIS' statement that he could not get the vessel to re-start, and additional fuel stored in a 30 gallon container on the deck of the vessel.

8. The three Haitian nationals who were with LEWIS when he was first encountered were brought to the U. S. Border Patrol Station for interviews. One declined to be interviewed, and the other two corroborated LEWIS's statements regarding the voyage from the Bahamas, stating they had paid to be brought from Haiti to the U.S., but stated they could not identify the captain of the vessel.

3

WHEREFORE, on the basis of the foregoing facts and evidence, your affiant submits that there is probable cause to believe that on August 17-18, 2019, TREWANDO LEWIS did knowingly and intentionally bring persons known to be an alien into the United States, for the purpose of commercial advantage and financial gain, knowing and in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may be later taken with respect to such alien, in violation of Title 8 United States Code, Section 1324(a)(2)(B)(ii) and Title 18 United States Code, Section 2.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Joshua Woodbury
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
This __19__ day of August, 2019

_____
Bruce E. Reinhart
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 19-8343-BER

## BOND RECOMMENDATION

DEFENDANT: TREWANDO LEWIS

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Lauren E. Jorgensen

Last Known Address: _____

What Facility: _____

Agent(s): S/A Joshua Woodbury, HSI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>19-8343-BER</u>

UNITED STATES OF AMERICA

v.

TREWANDO LEWIS,

        **Defendant,**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  \_\_\_\_ Yes  \_X\_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  \_\_\_\_ Yes  \_X\_ No

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

BY: _____
        LAUREN E. JORGENSEN
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 726885
        500 S. Australian Ave, Ste. 400
        West Palm Beach, Florida 33401
        TEL (561) 820-8711
        FAX (561) 820-8777
        Lauren.Jorgensen@usdoj.gov